## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| In re<br><br>EFUSION SERVICES, LLC<br><br>Debtor.<br><br>EFUSION SERVICES, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>THOMAS MCCANN AND JOHN DORSEY<br><br>     Defendants. | Bankruptcy Case No. 13-30740 MER<br><br>Chapter 11<br><br>Adv. Proc. No. 14-01029 MER |

### DEFENDANTS' MOTION TO HOLD ADVERSARY PROCEEDING IN ABEYANCE PENDING DETERMINATION OF MOTION TO DISMISS BANKRUPTCY CASE

Defendants Thomas McCann and John Dorsey ("Defendants") submit this Motion to Hold Adversary Proceeding in Abeyance Pending Determination of Motion to Dismiss Bankruptcy Case and state as follows:

1. In the underlying bankruptcy case of Plaintiff, debtor eFusion Services, LLC (the "Debtor"), Defendants and a third creditor on January 30, 2014, filed a Motion to Dismiss Bankruptcy Case Pursuant to 11 U.S.C. § 1112(b) or in the Alternative 11 U.S.C. § 305(a)(1) (the "Motion to Dismiss," Dkt. #24 in the bankruptcy case). A preliminary hearing on the Motion to Dismiss is set for February 26, 2014.

2. As Defendants establish in the Motion to Dismiss, the Debtor's bankruptcy case should be dismissed for bad faith and because of a continuing loss to or diminution of the Debtor's estate with no reasonable likelihood of rehabilitation. In particular, the Debtor seeks to litigate a two-party dispute—ownership of six companies (the "EPS Entities") that the Debtor tried and failed to purchase in leveraged buy-out in 2013 in this Court rather than in a state trial court.

3. This adversary proceeding, if it moves forward, will determine whether the Debtor is the owner of the EPS Entities. Litigation of ownership of the EPS Entities will entail significant discovery and motions practice and raises jurisdictional issues for this Court because it concerns solely issues of state law that implicate Defendants' jury rights and the right to have an Article III Court (if such court has jurisdiction) to hear the parties' claims.

      4.      This Court will determine whether the Debtor's bankruptcy case will be dismissed in the next 30-60 days.  In the interim, Defendants must answer or otherwise reply to the Debtor's complaint on or before February 12, 2014.

      5.      The interests of judicial efficiency and use of the parties' resources should cause this Court to hold this adversary proceeding in abeyance until it determines the Motion to Dismiss.  Any delay in determining this adversary proceeding will be minimal.  An argument by the Debtor that this Court should determine ownership as quickly as possible must take into account that the Debtor waited over three weeks to file this adversary proceeding after it filed its bankruptcy petition.

      6.      Further, Defendants are investigating whether case law issued since the Supreme Court handed down <u>Stern v. Marshall</u>, 547 U.S. 293 (2011), permits this Court to determine issues of ownership of the EPS Entities because the Court lacks jurisdiction or because it is a core matter that the Court cannot nevertheless hear.  <u>See, e.g.</u>, <u>Frazin v. Haynes & Boone</u>, 732 F.3d 313, 317-20 (5th Cir. 2013); <u>Wellness Int'l Network Ltd. V. Sharif</u>, 727 F.3d 751, 774-75 (7th Cir. 2013);   The Supreme Court also recently heard arguments in <u>Executive Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)</u>, 702 F.3d 553 (9th Cir. 2012), <u>cert. granted</u>, 133 S.Ct. 2880 (2013), which could determine whether this Court as an Article I court may determine state breach of contract claims.  Defendants might also determine that the reference must be withdrawn to the District Court in order to ensure and enforce their jury rights.

      7.      Accordingly, Defendants request that this Court hold this adversary proceeding in abeyance until it determines whether the Debtor's bankruptcy case should be dismissed and that if the case is not dismissed, Defendants shall answer or otherwise respond to the complaint no later than 14 days after the Court denies the Motion to Dismiss.

      8.      Counsel for Defendants has conferred with counsel for the Debtor, who is opposed to the relief sought in this motion.

      9.      Defendants request that if the Court hears oral argument with respect to this motion, the Court hear such argument at the preliminary hearing for the Motion to Dismiss on February 26, 2014.

      **WHEREFORE**, Defendants request that the Court enter an order a) holding this adversary proceeding in abeyance and b) providing that if the Court denies the Motion to Dismiss, Defendants shall answer or otherwise respond to the complaint no later than 14 days after the Court denies the Motion to Dismiss, and granting such other and further relief as the Court deems just and proper.

DATED: February 5, 2014.

        **FOSTER GRAHAM MILSTEIN & CALISHER, LLP**

        *By: /s/Daniel J. Garfield*_____
        Daniel J. Garfield, #26054
        360 S. Garfield St., 6th Fl.
        Denver, Colorado 80209
        Tel: (303) 333-9810
        Fax: (303) 333-9786
        dgarfield@fostergraham.com

        *Attorneys for Defendants Thomas McCann and John Dorsey*

## **CERTIFICATE OF MAILING**

I hereby certify that on this 5th day of February, 2013, a true and correct copy of the **DEFENDANTS' MOTION TO HOLD ADVERSARY PROCEEDING IN ABEYANANCE PENDING DETERMINATION OF MOTION TO DISMISS BANKRUPTCY CASE** was sent via U.S. mail, postage prepaid, and properly addressed to the following:

| | |
|---|---|
| Joanne C. Speirs | Philipp C. Theune |
| 999 18th St., Suite 1551 | 6595 W. 14th Ave, Suite 100 |
| Denver, CO 80202 | Lakewood, CO 80214 |

        *By: /s/Tiffanee Vargas*_____
        Tiffanee Vargas